**PAID**
51505

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
FLINT

| | | |
|---|---|---|
| Kimberley K. Cullen | ) | |
| | ) 2008 JUN -5 P 4: 08 | CASE NO. 08-12404 |
| Plaintiff | ) | |
| | ) | COMPLAINT |
| vs. | ) FILED | JURY TRIAL DEMAND |
| | ) | |
| Weltman, Weinberg, & Reis LPA; | ) | Edmunds |
| LVNV Funding LLC, | ) | Morgan |
| and John and Jane Does 1 – 10 | ) | |
| | ) | |
| Defendants | ) | |

Doug Dern (P64567)
Attorney for Plaintiff
11636 Highland Rd. #107
Hartland MI 48353
810-632-9160

## COMPLAINT
### PRELIMINARY STATEMENT AND INTRODUCTION

1.  This petition is an action for statutory and actual damages brought by an individual consumer Kimberley K. Cullen ("Plaintiff") against Weltman, Weinberg, & Reis LPA; LVNV Funding LLC, and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"); for injunctive relief and for declaratory relief. This petition is also an action for statutory and actual damages under the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* which is brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C. Sec's 1331 and 1337 (a). Declaratory relief is available pursuant to 28 U.S.C. Sec's 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. Sec. 1367.

1

3. Venue is proper in the District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## PARTIES

4. The Plaintiff, Kimberley K. Cullen, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Michigan. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under M.C.L. § 445.902(1)(d).

5. Defendant Weltman, Weinberg, & Reis LPA is a company engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a person as that term is defined under M.C.L. § 445.902(1)(d), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113-1099.

6. Defendant LVNV Funding LLC, is an unlicensed and unregistered debt collector engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a person as that term is defined under M.C.L. § 445.902(1)(d), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 15 S. Main Street, Suite 600, Greenville, South Carolina, 29601 or may be served through its registered agent CT Corporation System at 75 Beattie Place, Greenville, SC 29601.

7. Defendants, John and Jane Does 1 – 10 are all natural person, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said defendants are currently unknown to Plaintiff. Said Defendants and entities will

2

be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

8. Sometime prior to April 2001, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a GE Money Bank credit card in the approximate amount of $541.41, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10. On or about May 1, 2007, Defendant **Weltman, Weinberg & Reis LPA** (hereinafter "WWRLPA"), caused to be sent to Plaintiff, an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. 1692g(b). Defendant WWRLPA stated in said collection letter that they were collecting for their client **LVNV funding Inc.** (hereinafter "LVNV"). See Exhibit A attached hereto and incorporated as if fully stated herein.

11. Defendant **LVNV** is South Carolina corporation which is an unregistered business improperly operating as a collection agency in the State of Michigan.

12. Defendant **LVNV** is an unlicensed collection agency illegally operating in the State of Michigan. M.S.A. 18.425, et seq. requires "...that any person who wishes to engage in collection business in the state must be licensed..."

13. In response to this collection letter, on or about May 7, 2007, Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 et seq., (see Exhibit B attached hereto and incorporated as if fully stated herein).

14. Defendants **WWRLPA** and **LVNV** failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. Sec's 1692, et seq. and1692g (b).

15. Defendants **WWRLPA** and **LVNV** have continued to pursue collection activity on the alleged debt and have willfully and materially failed to disclose that they are attempting to collect an amount that was disputed to their alleged creditor client

in violation of the Fair Credit Billing Act. In addition, Defendants have also failed to report to any third party credit reporting agency ("CRA") that the alleged debt is disputed in violation of 15 U.S.C. 1692e(8).

16. Defendants WWRLPA and LVNV have a duty to comply with these restrictions on reporting of disputed amounts to the state court and any CRA, and their failure to do so is contrary to federal and state statutes.

17. Defendants WWRLPA knew or should have known that their alleged client Defendant LVNV is unable to achieve standing, unable to produce competent evidence to support a claim, unable to produce a written agreement with a bona fide signature of the Plaintiff.

18. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

19. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(10), 1692f, and 1692g(b) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
### FIRST CLAIM
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

20. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 19 above as if fully stated herein.

21. The foregoing acts and omissions of each and every Defendant constitute

numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

22. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family and household purposes.

23. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

24. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability (Section 813 of Pub. Law).

## SECOND CLAIM
## VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT: M.C.L.§ 445.901 et seq.

25. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 19 above as if generally and specifically stated herein.

26. The Michigan Consumer Protection Act, M.C.L. § 445.903(1) provides that it is unlawful to use unfair, unconscionable, or deceptive methods, acts or practices in conduct of trade or commerce within this state.

27. Debt collection is a service within the scope of "trade and commerce" as that term is defined under M.C.L. § 445.902(1)(g) and at issue in this case, generally this service affects commerce and trade in this state.

28. The conduct described in paragraphs 1 – 19 is specifically and generally unfair, deceptive, oppressive, unconscionable and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

29. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

## DECLARATORY AND INJUNCTIVE RELIEF

30. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1 – 29 above as if fully stated herein.

31. There exists a dispute over whether Defendants have violated the FDCPA, the FCRA and Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.*

32. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the FCRA and Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* and Plaintiff is similarly entitled to an order enjoining said acts.

33. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees and all costs for time lost at work and litigating this matter.

34. Defendants' actions, omissions and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, and humiliation and will in the future continue to suffer the same.

## JURY DEMAND

35. Plaintiff is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7. Fed. R. Civ. Pro. 38

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1. Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct and granting such additional equitable relief as may be appropriate.
2. Award Plaintiff actual damages.
3. Award Plaintiff punitive damages.
4. Award Plaintiff federal and state statutory damages.

5.  Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.
6.  Award Plaintiff reasonable attorney's fees and costs of this litigation.
7.  Grant such other and further relief as this Honorable Court deems just and proper.

Dated:

Respectfully submitted,

Doug Dern (P64567)
Attorney for Plaintiff
11636 Highland Rd #107
Hartland MI 48353

## VERIFICATION

I, Kimberley K. Cullen, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Kimberley K. Cullen
18826 Melvin Street
Livonia, MI 48152-1924

# Exhibit A

**WELTMAN, WEINBERG & REIS CO., L.P.A.**

323 W. LAKESIDE AVE. STE. 200
CLEVELAND, OH 44113-1099
(216) 739-5752    (800) 392-1887
MON-THURS 8AM-9PM, FRI 8AM-5PM, & SAT 8AM-12PM EST

May 1, 2007

KIMBERLEY K CULLEN
18826 MELVIN ST
LIVONIA MI 48152-1924

LVNV FUNDING LLC
Account No.: 219868941
WWR File No.: 5995202
Balance Due as of May 1, 2007: $536.93

Dear KIMBERLEY K CULLEN:

Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact our office to discuss an appropriate resolution for this matter.

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

44OMWEL T01323R

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

---

323 W. Lakeside Ave Ste 200
Cleveland, OH 44113-1099
ADDRESS SERVICE REQUESTED

WWR File No.: 5995202
Balance Due as of May 1, 2007: $536.93

May 1, 2007

#BWNHRMD   130422   26092
#0501 1424 0026 0927#   H11/323/5426718/0845-323R
KIMBERLEY K CULLEN
18826 Melvin St
Livonia MI 48152-1924

WELTMAN, WEINBERG & REIS CO., L.P.A.
P.O. Box 5996
Cleveland, OH 44101-0996

H11/323/5426718/0845

EXHIBIT A

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition, LP | Sherman Acquisition, LLC | Ascent Card Services, LLC |
| Resurgent Capital Services, LP | FNBM, LLC | LVNV Funding, LLC |
| Sherman Acquisition II, LP | Sherman Acquisition TA, LP | Ascent Card Services II, LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

### Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

# Exhibit B

Weltman, Weinberg & Reis Co., L.P.A.
323 W Lakeside Ave., Ste. 200
Cleveland, Ohio 44113-1099

May 7, 2007

## NOTICE OF DISPUTE

Re: Inquiry:LVNV Funding LLC, Weltman, Weinberg & Reis Co., account number 219868941

Dear Sir/Madame:

   I am in receipt of your letter demanding payment on the above referenced account.

   I dispute this debt and refuse to pay it.

Respectfully,

*Kimberley K Cullen*
Kimberley K Cullen

EXHIBIT B

%JS 44 (Rev. 12/07)

# ORIGINAL CIVIL COVER SHEET
County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kimberly Cullen

**DEFENDANTS**
Weltman, Weinburg, & Reis LPA, LVNV Funding LLC

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

08-12404

2008 JUN -5 P 4:07

FILED

Attorneys (If Known)
NANCY G. EDMUNDS
VIRGINIA M. MORGAN

(b) County of Residence of First Listed Plaintiff: Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Doug Dern (P64567)
11636 Highland Rd. #107
Hartland MI 48353   (810)-632-9160

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
Violation of FDCPA 15 U.S.C. 1692 and FCRA 15 U.S.C. 1681

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 1, 2008
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

**PURSUANT TO LOCAL RULE 83.11**

1.     Is this a case that has been previously dismissed?     ☐ Yes   ☒ No

 If yes, give the following information:

 Court: _____

 Case No.: _____

 Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes   ☒ No

 If yes, give the following information:

 Court: _____

 Case No.: _____

 Judge: _____

 Notes: _____